UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 3:22-cv-00216-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Mitchell Keith Goodrum ("Goodrum") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 3), recommending Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his motion to move case (ECF No. 1-1) be denied as moot, and his complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend. Plaintiff had until July 29, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, denies as moot Plaintiff's application to proceed *in forma pauperis* and motion to move case, and dismisses Plaintiff's complaint without prejudice and without leave to amend.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one

or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Baldwin did not clearly err. Here, Magistrate Judge Baldwin recommends dismissing Plaintiff's complaint (ECF No. 1-1) without prejudice and without leave to amend because Plaintiff is attempting to contest the constitutionality of his conviction via a § 1983 action. (ECF No. 1-1). As Magistrate Judge Baldwin notes, Plaintiff's complaint alleges Defendants violated Plaintiff's constitutional rights during his criminal case. (ECF No. 3 at 3). And, as Magistrate Judge Baldwin correctly concluded, Plaintiff's only remedy for these alleged violations is a *habeas corpus* action under 28 U.S.C. § 2254 because where "a judgment in favor of the plaintiff would necessarily involve the invalidity of his conviction or sentence" "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, a judgment in favor of the Plaintiff in this action would involve the invalidity of his conviction or sentence, and Plaintiff does not argue that the conviction or sentence has already been invalidated. Therefore, this Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), and his motion to move case, (ECF No. 1-2), be DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk FILE the complaint, (ECF No. 1-1); and,

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1), be DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

DATED THIS 19th Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3